NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON OTTOP AKWO, | No. 20-71120 |
| Petitioner, | Agency No. A201-742-902 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2021[**]
Seattle, Washington

Before: BEA, BRESS, and VANDYKE, Circuit Judges.

Aaron Ottop Akwo, a Cameroon citizen, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge

(IJ) order denying his requests for asylum, withholding of removal, and relief under

the Convention Against Torture (CAT). We review for substantial evidence and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

may grant relief only if the record compels a contrary conclusion. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Adverse credibility determinations are reviewed under the same standard. *See id.* We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1. Substantial evidence supports the IJ's finding that Akwo was not credible. "[A]n adverse credibility determination must be made after considering 'the totality of circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In assessing Akwo's credibility, the IJ could thus consider the consistency between Akwo's testimony and "other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ identified three inconsistencies between Akwo's testimony and his nonimmigrant visa application, and substantial evidence supports each finding. *First*, Akwo's testimony and his application for asylum and withholding of removal conflicted with his visa application about whether he lived in Gabon instead of Cameroon, which raised obvious questions as to how he could have been harmed in Cameroon as he claimed. *Second*, Akwo's testimony featured inconsistencies as to how much time he spent in Gabon. And *third*, Akwo admitted during cross-examination that before his most recent visa application he had unsuccessfully applied three times for a nonimmigrant visa, yet he had previously claimed that he had never been denied a visa. These inconsistencies were material to Akwo's claims

and supported the IJ's adverse credibility determination. *See Shrestha*, 590 F.3d at 1043–44.

The IJ also found that Akwo's demeanor during his testimony undercut his credibility. Substantial evidence supports that finding as well, which lends further support to the IJ's overall adverse credibility determination. We typically "give special deference to a credibility determination that is based on demeanor." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (quotation marks and citation omitted). That deference is appropriate here because the IJ noted specific, non-verbal reasons for the demeanor finding such as Akwo not responding to a question "at first" and then "after a lengthy pause" stating he did not know the answer. Akwo also gave "contradictory and nonresponsive answers" when "confronted with the inconsistent statements contained in the visa application." *See Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (substantial evidence supported adverse credibility finding based on demeanor during testimony because "the record amply demonstrates a pattern of evasive responses").

2. Substantial evidence supports the denial of asylum and withholding of removal. To qualify for asylum, Akwo must show either that he (1) suffered past persecution (which creates a rebuttable presumption of eligibility); or (2) has a well-founded fear of future persecution in Cameroon because of a protected ground. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Without credible testimony, Akwo failed to show past persecution or a well-founded fear of persecution. The only other admitted evidence offered to support Akwo's claim was the 2018 Department of State report for Cameroon. But that report does not show either that (1) Akwo has an individualized risk of persecution; or (2) "there is a systematic pattern or practice of persecution against the group to which he belongs in his home country." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quotation marks and citation omitted).

Because Akwo "fail[ed] to satisfy the lower standard of proof required to establish eligibility for asylum," he "necessarily . . . fail[ed] to demonstrate eligibility for withholding of deportation." *Guo v. Sessions*, 897 F.3d 1208, 1213 n.3 (9th Cir. 2018) (citation omitted).[1]

3.      Substantial evidence supports the IJ and BIA's decision to deny CAT relief. To obtain CAT relief, Akwo must prove that government officials or private actors with government consent or acquiescence would "more likely than not" torture him after he returns to Cameroon. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation omitted). "An adverse credibility determination is not

---

[1] We lack jurisdiction to consider Akwo's unexhausted claim that the IJ failed to provide him an opportunity to explain the inconsistencies between his testimony and his nonimmigrant visa application. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). But even if Akwo had raised this argument to the BIA, it would lack merit. Akwo had various opportunities to explain the inconsistencies.

necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But when "the CAT [claim] is based on the same statements [the petitioner] made regarding his claims for asylum and withholding of removal[,] . . . . it [is] proper for the IJ and the BIA to rely on the same adverse credibility determination in denying all of his claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). That is the case here.

Besides his non-credible testimony, Akwo points only to the same country conditions report that failed to show a well-founded fear of persecution. Because torture "is more severe than persecution," Akwo's CAT claim necessarily fails. *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Akwo's assertion that the IJ and BIA failed to consider the evidence also finds no support in the record.

**PETITION DENIED.**